OPINION
{¶ 1} This is an appeal from the judgment of the Domestic Relations Division of the Wyandot Court of Common Pleas, which granted Plaintiff-appellee, David Saltzman (David), a divorce from Defendant-appellant, Anne Saltzman (Anne) and named David residential parent of their two children.
 {¶ 2} On March 19, 1994, Anne and David were married. They had two sons during their marriage, Josh Saltzman, born November 4, 1996 and Samuel Saltzman, born January 30, 1998. On March 19, 2001, David filed for divorce requesting that he be designated residential parent of the two boys. Anne responded requesting that she be named residential parent. Upon the party's separation, Anne moved to South Lyon, Michigan to live with her parents. During the pendency of the divorce, the court ordered that Anne retain physical custody of the boys and granted David visitation pursuant to a set schedule. On May 23, 2001, Anne file a motion for contempt against David for failing to abide by the visitation orders as directed by the court. On October 31 and November 1, 2001, a hearing was held and on December 21, 2001, the magistrate issued its decision recommending that David be designated as residential parent. The trial court also found David in contempt for violating the visitation orders and fined him $1.00. Anne filed objections to the magistrate's decision; however, the trial court overruled those objections and adopted the magistrate's decision in its entirety.
 {¶ 3} Anne now appeals asserting two assignments of error. The first states "THE TRIAL COURT'S DETERMINATION OF APPELLEE AS THE RESIDENTIAL PARENT WAS AGAINST THE MANIFEST WEIGHT AND THE SUFFICIENCY OF THE EVIDENCE WHEN APPELLANT WAS FOUND TO BE THE PRIMARY CARE GIVER FOR THE CHILDREN AND APPELLEE WAS ESTABLISHED TO BE PHYSICALLY AND VERBALLY ABUSIVE AND UNPREPARED TO ENSURE THE BEST INTEREST OF THE MINOR CHILDREN."
 {¶ 4} In determining which parent shall be named residential or custodial parent, the trial court must determine what is in the best interest of the children. R.C. 3109.04(B)(1). In determining what is in the best interest of the child, the trial court is to examine the relevant enumerated factors in R.C. 3109.04(F)(1) including but not limited to "(a) The wishes of the child's parents regarding the child's care; * * * (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest; (d) The child's adjustment to the child's home, school, and community; (e) The mental and physical health of all persons involved in the situation; (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights; * * * (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court; (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
 {¶ 5} The trial court's determination in custody matters will not be reversed, absent an abuse of discretion by the trial court. Zimmermanv. Zimmerman Dec. 8, 1997) Allen App. No. CA97 06 0038. The same is true for the trial court's designation of a residential and custodial parent.Noble v. Noble (September 20, 2001), Logan App. No. 8-01-05. In a custody case, this means that an award of custody will not be reversed as being against the weight of the evidence by a reviewing court where it is supported by a substantial amount of credible and competent evidence.Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23; Davis v. Flickinger
(1997), 77 Ohio St.3d 415, 418.
 {¶ 6} Anne asserts that designating her as the residential parent, rather than David, is in the children's best interest. However, while Anne's witnesses testified that she acted appropriately with the children, several other witnesses testified that they observed Anne take out her anger and frustration on the boys by being overly rough with the children or refusing to help the children when they were hurt. Anne corroborated this testimony stating that while she does not intentionally take her anger out on her children, "it just happens." Moreover, several witnesses testified that Anne has unrealistic expectations of the children's behavior in relation to their ages.
 {¶ 7} Furthermore, while Anne testified that David abused her physically and produced photographs of several bruises on her body, David testified that he often had to restrain Anne when she was in an angry rage to protect himself and the children. Additionally, Anne testified that she was on a medication which caused bruising. While David admitted that at times he had called Ann names and otherwise acted inappropriately towards her, there is no evidence that he ever acted this way toward the children. In fact, Anne testified that David and the boys have a bond and that David acts lovingly towards them.
 {¶ 8} Anne also argues that she should be designated residential parent as she has been the primary caregiver of the children, however, this is only one factor to consider when designating parental rights.Hall v. Hall (May 29, 1997), Union App. No. 14-97-03 at *4. Furthermore, David testified that he engaged in feeding, clothing, and bathing the children prior to the separation and since the separation he has taken a CPR class and a cooking class. Additionally, David testified that he has successfully cared for the children on his visitation weekends including cooking for them and doing their laundry.
 {¶ 9} Anne also argues that David's failure to follow the court order for visitation indicates that he is unwilling to facilitate visitation. However, the trial court apparently did not put too much weight on this issue as it only fined David $1.00.
 {¶ 10} While Anne argues that David and his witnesses are not being truthful, "[i]n proceedings involving the custody and welfare of children the power of the trial court to exercise discretion is peculiarly important. The knowledge obtained through contact with and observation of the parties and through independent investigation can not be conveyed to a reviewing court by the printed record." Bechtol, supra. Based on the evidence presented at trial we find there is a substantial amount of competent credible evidence which supports designating David as residential parent and we, therefore, cannot find that the trial court abused its discretion. Consequently, Anne's first assignment of error is overruled.
 {¶ 11} The second assignment of error asserts "THE TRIAL COURT ERRED IN ITS SENTENCING OF THE APPELLEE TO A $1.00 FINE AFTER CLEAR AND CONVINCING EVIENCE WAS PRESENTED AND THE TRIAL COURT FOUND THAT APPELLEE WAS IN CONTEMPT FOR HAVING VIOLATED THE TRIAL COURT'S ORDER FOR VISITATION."
 {¶ 12} A court may hold a party in contempt for failure or refusal to comply with its orders and may impose such penalties as are reasonable and just. R.C. 2705.02(A). For a first offense, the trial court may impose a fine of not more than two hundred fifty dollars and/or a definite term of imprisonment of not more than thirty days in jail. R.C.2705.05(A)(1). Furthermore, absent an abuse of discretion, an appellate court will not reverse a trial court's decision in a contempt proceeding. Collins v. Collins (May 8, 1997), Shelby App. No. 17-97-1 at *3.
 {¶ 13} In this case, David was found by the trial court to have willfully disregarded the temporary visitation order. The visitation schedule provided that David could begin his visitation with the boys on Thursday evening only if he could be with the children during daytime hours on Friday. If David was not available during daytime hours on Friday, then his visitation was to begin on Friday evening. David admitted that he worked some of the Fridays that he has had the children, however, he also testified that he thought the boys were better off with his family during the day than in daycare where the boys would be if they were with Anne. The trial court found that David was working on the Fridays that he exercised visitation and that the boys were being taken care of by David's family. Accordingly, the trial court found David in contempt by clear and convincing evidence. Noting that it understood David's reasons for his failure to obey, the trial court fined David $1.00 to purge himself of his contempt.
 {¶ 14} As the trial court articulated its reasons for the nominal fine and R.C. 2705.05 does not state a minimum fine which the court must impose, we cannot find that the trial court abused its discretion in only fining David $1.00. As such, Anne's second assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 BRYANT and HADLEY, JJ., concur.